IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tracy F., | : |
|     **Plaintiff,** | :   Case No. 2:23-cv-00188 |
| v. | :   Chief Judge Algenon L. Marbley |
| **COMMISSIONER OF SOCIAL SECURITY,** | :   Magistrate Judge Stephanie Bowman |
|     **Defendant.** | : |

### OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's December 13, 2023, **Report and Recommendation** (ECF No. 12) ("R&R"), which recommended that the Commissioner's decision be **AFFIRMED** and this case be **CLOSED**. Plaintiff timely filed an Objection to the Magistrate Judge's R&R pursuant to Fed. R. Civ. P. 72(b). (ECF No. 13). Defendant-Commissioner subsequently filed his Response to Plaintiff's Objections on January 3, 2024. (ECF No. 14). Based on the following analysis, this Court hereby **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's R&R in full.

### I. BACKGROUND

#### A. *Summary of Administrative Record*

On January 24, 2020, Plaintiff, Tracy F., filed three separate applications for (1) a Period of Disability and Disability Insurance Benefits, (2) Title II disabled widow's benefits, and (3) Title XVI supplemental security income. (ECF No. 12 at 1-2). In these applications, Plaintiff alleged she had been disabled since December 31, 2017 due to a combination of depression, anxiety, back pain, bilateral knee pain, and shortness of breath. (*Id.* at 2). After Plaintiff's claim was denied on initial consideration and on reconsideration, she requested an administrative hearing before an

Administrative Law Judge ("ALJ"). (*Id.*). ALJ Noceeba Southern conducted the hearing on September 24, 2021, but Plaintiff failed to appear. (*Id.*). After determining that "good cause" existed for Plaintiff's absence, the ALJ conducted a supplemental hearing on February 11, 2022 where the Plaintiff appeared telephonically and gave testimony. (*Id.*). At this hearing, Plaintiff amended the onset date of her disability to June 2, 2019. (*Id.*). Documentary exhibits and vocational expert testimony were also provided during these two hearings. (*Id.*).

The ALJ determined that the Plaintiff had the following severe impairments: chronic obstructive pulmonary disease; degenerative disc disease; obesity; anxiety disorder; and depressive disorder. (*Id.* at 3). Despite these findings, the ALJ determined these impairments did not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*). The ALJ also determined that the Plaintiff retained the residual functional capacity ("RFC") to perform light work subject to the following limitations:

> [T]he claimant can occasionally climb ramps and stairs, but must avoid climbing ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch; occasionally crawl; must avoid concentrated exposure to extreme cold, heat, fumes, odors, dusts, and gases. The claimant can perform simple, routine tasks with no fast pace or strict production quotas; with occasional changes and decision making; and can have frequent interaction with others.

(*Id.*). Considering these limitations, the ALJ determined that the Plaintiff could still perform unskilled jobs that exist in significant numbers in the national economy, such as warehouse check, weight recorder, and mail clerk. (*Id.*). Based on these findings, the ALJ issued an adverse written decision that found that the Plaintiff was not under a disability from her alleged onset date to the date of the decision on February 28, 2022. (*Id.*).

The Plaintiff did not challenge the ALJ's assessment of her physical limitations provided for in the RFC. Rather, she challenged the ALJ's assessment of her psychological opinion evidence and alleged that the ALJ failed to comply with the mandatory articulation requirements when

2

evaluating this evidence. Because this is the basis of her objection, this Court will summarize specifically the relevant mental health evidence and psychological opinions at issue.

### B. Relevant Mental Health Evidence

The ALJ first noted how "limited" the mental health records were that Plaintiff offered. (*Id.* at 6). Specifically, the Plaintiff did not have evidence of any inpatient treatment services, emergency interventions, or mental health counseling. (*Id.* at 6). Despite this, the record does reflect that Plaintiff did begin medication management for her depression and anxiety and that she reported stabilized symptoms. (*Id.* at 7). Her primary care provider also noted that the prescriptions appeared to be effective. (*Id.*) Additionally, the ALJ elicited the Plaintiff's own subjective statements about her mental health limitations. (*Id.*). However, the ALJ found that this testimony was not entirely consistent with the other medical evidence in the record. (*Id.* at 8).

The crux of Plaintiff's challenge to the ALJ's decision stemmed from the psychological opinion evidence provided by agency psychologist Susan Rowland, Ph.D., RN. (*Id.*). Dr. Rowland found that the Plaintiff experienced "mild" limitations in the area of understanding, remembering or applying information, but "moderate" limitations in three other functional domains, including "interacting with others." (*Id.*). Dr. Rowland's assessment was considered by two other non-examining consultants, Paul Tangeman Ph.D., and Jennifer Swain, Ph.D., who agreed with Dr. Rowland's determination of Plaintiff's "mild" and "moderate" limitations described above. (*Id.* at 8-9). When asked specifically about Plaintiff's work-related limitations regarding social interactions, these consultants opined that Plaintiff has "moderate" limitations interacting appropriately with the general public and in accepting instructions and criticism from supervisors. (*Id.* at 9). Despite these findings, the non-examining consultants found *no significant limitations* in Plaintiff's ability to ask simple questions or request assistance, to get along with colleagues and

3

peers without distraction, and to maintain socially appropriate behavior and basic standards of neatness and cleanliness. (*Id.*) (emphasis in original). In conclusion, the consultants opined that Plaintiff "is capable of occasional superficial contact with coworkers, supervisors, and general public." (*Id.*). The ALJ took each of these consultants' opinions into consideration when determining that Plaintiff could still perform jobs that exist in the national economy and when issuing her adverse decision.

The Appeals Council declined to review the ALJ's adverse decision against Plaintiff. (*Id.* at 3). This led to the Plaintiff filling this judicial appeal. (*Id.*). On December 13, 2023, Magistrate Judge Bowman reviewed the ALJ's decision, finding that it was supported by substantial evidence and reflected no harmful error that warranted reversal. (*Id.* at 21). Accordingly, the Magistrate Judge recommended that the decision be affirmed. (*Id.*). The Plaintiff timely filed her Objections to the Magistrate Judge's R&R. (ECF. No. 13). Despite the non-examining consultants' opinions being considered by the ALJ and in the Magistrate Judge's R&R, Plaintiff failed to mention these opinions in her Objections to the R&R, limiting her objection to only Dr. Rowland's assessment. (*Id.*). This Court will limit its analysis accordingly.

## II. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). In this de novo review, this Court must determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). This threshold is "not high" and is only

4

"more than a mere scintilla." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If the ALJ's decision is supported by substantial evidence, a reviewing court must affirm the decision even if there is also substantial evidence that would support a different conclusion. *Felisky v. Bowen*, 35 F.3d. 1027, 1035 (6th Cir. 1994). This "zone of choice" allows an agency to proceed in decision making while limiting a court's interference. *See id.*

### III. LAW AND ANALYSIS

#### A. *Plaintiff's Limited Objection to Her Mental Residual Functional Capacity, Allegedly in Violation of 20 C.F.R. § 404.1520c*

In her objections, Plaintiff asserts that the ALJ violated 20 C.F.R. § 404.1520c when she failed to address adequately the factors of "supportability" and "consistency" in evaluating the medical opinion provided by Dr. Rowland. (ECF No. 13 at 2). As a result, Plaintiff's RFC was inaccurate and unsupported by substantial evidence. (*Id.*). This Court finds this argument meritless. Additionally, the Plaintiff failed to show sufficient prejudice that would warrant reversal.

#### 1. *"Supportability" and "consistency" articulation*

Under 20 C.F.R. § 404.1520c, an ALJ must evaluate the "persuasiveness" of each medical opinion by considering multiple factors, specifically "supportability" and "consistency." 20 C.F.R. § 404.1520c(c). In terms of "supportability," a medical opinion will be considered more "persuasive" if the relevant objective medical evidence and supporting explanations support the medical source's opinion. 20 C.F.R. § 404.1520c(c)(1). In terms of "consistency," a medical opinion will be considered more "persuasive" if other medical sources and nonmedical sources in the claim are consistent with the medical source's opinion. 20 C.F.R. § 404.1520c(c)(2). In evaluating these factors, there is no need to use the precise words "supportability" or "consistency" so long as the ALJ explains how she considered these two factors in determining the

persuasiveness of each opinion. *See Hardy v. Comm'r of Soc. Sec.*, No. 2:2—cv-4097-CMV-JLG, 2021 WL 4059310 at *2 (S.D. Ohio Sept. 7, 2021) (use of the words "supportability" and "consistency" is not required where the opinion adequately addressed both issues). The ALJ adequately articulated these two factors despite Plaintiff's argument that "[she] solely focused on other reasons that were admittedly not related to supportability or consistency." (ECF No. 13 at 4).

Beginning with "supportability," this Court is satisfied with the Magistrate Judge's recapitulation of the ALJ's analysis. The ALJ's mention of the Plaintiff's limited anxiety treatment, her ability to care for multiple people in her household, and the inclusion of many of Dr. Rowland's own observations demonstrated to the Magistrate Judge, and to this Court, that the ALJ properly discussed the supportability factor. (ECF No. 12 at 14). With respect to "consistency," the Magistrate Judge correctly noted that this factor can be satisfied when the ALJ's opinion discusses all relevant evidence in context. (*Id.* at 13) (citing *Hardy*, 2021 4059310, at *3-4). Despite Plaintiff's contention that "[i]t should not be enough for the ALJ to mention random findings from the record… and have those findings be construed as the ALJ's consideration of the only two mandatory factors," the Magistrate Judge properly determined that the ALJ could discuss and analyze *all* relevant medical and nonmedical evidence in the record. (ECF Nos. 13 at 4; 12 at 13). This Court finds no error in the ALJ or Magistrate Judge's analysis.

Even if reasonable jurists could argue that the ALJ's analysis was insufficient to satisfy 20 C.F.R. § 404.1520c's articulation requirements, any error arising from such a case would be harmless, as the Magistrate Judge ultimately found. (ECF No. 12 at 14-15). Considering that a reviewing court must uphold a "less than ideal" decision when the agency's path can be reasonably discerned, this Court agrees with the Magistrate Judge that there was no showing of prejudice by

6

the Plaintiff that would warrant reversal of the ALJ's decision. (ECF No. 12 at 11) (citing *Garland v. Ming Dai*, 141 S. Ct. 1669, 1679 (2021)).

2. *Plaintiff did not show sufficient prejudice to warrant reversal*

Plaintiff asserts that the ALJ omitted several of Dr. Rowland's opinions due to their speculative nature without any supporting evidence. (ECF No. 13 at 5). Plaintiff also takes aim at the ALJ's attempt to translate Dr. Rowland's opinions into more vocationally relevant terms because of their allegedly speculative nature. (*Id.*). But as the Magistrate Judge highlighted in her R&R, and as this Court notes now, Plaintiff fails to identify what specific limitations were omitted from the RFC. (ECF No. 12 at 16). Moreover, this Court agrees that Dr. Rowland's opinions were vague and the ALJ properly understood these opinions in more concrete terms so that she could formulate an accurate RFC. (*Id.*). The ALJ's RFC was not so disconnected from Dr. Rowland's initial opinions as to warrant reversal.

More persuasive to this Court is the fact that the ALJ elicited unrebutted testimony from a vocational expert that an individual with Plaintiff's RFC who also had a more restrictive social interaction limitation could still perform full-time work. (ECF No. 12 at 11, 21). So, even though the ALJ did not include all the possible limitations presented – which this Court emphasizes is *not* a reversible error – the outcome would have been the same. Since this Court is not in pursuit for a "perfect opinion unless there is reason to believe that [a] remand might lead to a different result," Plaintiff's request for remand is respectfully declined. *Shkabari v. Gonzalez*, 427 F3d 324, 328 (6th Cir. 2005).

7

## IV. CONCLUSION

Based on the foregoing analysis of the Magistrate Judge's R&R, this Court finds that Plaintiff's Objections are **OVERRULED**. (ECF No. 13). Accordingly, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 12) and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: February 20, 2024**